UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

YONY SOSA, ON BEHALF OF HIMSELF      ECF CASE
AND ALL OTHER PERSONS SIMILARLY     NO. 20cv4899
SITUATED,

        Plaintiff,

   v.

C.O. BIGELOW CHEMISTS, INC.,

        Defendant.

_____

### DEFENDANT C.O. BIGELOW CHEMISTS, INC.'S ANSWER
### TO PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND

Defendant C.O. Bigelow Chemists, Inc. ("Bigelow" or "Defendant"), by and through undersigned counsel, answers in response to the Class Action Complaint of Plaintiff Yony Sosa (the "Complaint") as set forth below.  In answering the Complaint, Defendant does not waive and expressly reserves all evidentiary objections and challenges to the documents and matters referenced in the Complaint and in this Answer, including, but not limited to, objections and challenges to the authenticity, admissibility, accuracy, and/or relevancy of such documents and matters.

### NATURE OF THE ACTION[1]

1.    Defendant admits that Plaintiff has filed a class action lawsuit as alleged in paragraph 1 of the Complaint, but denies that Plaintiff has asserted any viable claims against

---

[1] Defendant's Answer follows the subject subheadings of the Complaint, which are included solely for ease of reference. Defendant denies any legal conclusions or characterizations of facts contained within the subheadings.

Defendant, is entitled to any relief sought on his own behalf or on behalf of putative class members, and expressly denies all allegations of wrongdoing or liability for the claims referenced therein. Defendant denies all remaining allegations and characterizations in paragraph 1 of the Complaint.

2.      Bigelow lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 and on that basis denies the same.

3.       To the extent paragraph 3 of the Complaint purports to characterize or restate the information contained in the 2010 U.S. Census Report or 2015 Report of the American Foundation for the Blind, Defendant states that those documents are the best evidence of their contents, and Defendant denies any inconsistent representations or characterizations of same. Further, Bigelow lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 and on that basis denies the same.

4.      Defendant admits that Plaintiff purports to bring a class action lawsuit as alleged in paragraph 4 of the Complaint on the legal theories identified therein, but denies that Plaintiff is entitled to any relief sought on his own behalf or on behalf of putative class members and expressly denies all allegations of wrongdoing or liability contained within paragraph 4. To the extent the allegations of paragraph 4 of the Complaint constitute conclusions of law, no response is required from Defendant, and Defendant respectfully refers all questions of law to the Court for determination. Defendant denies all remaining allegations and characterizations in paragraph 4 of the Complaint.

5.      Defendant    admits    that    it    owns    the    website    located    at https://www.bigelowchemists.com. Defendant further admits that Plaintiff purports to seek a permanent injunction as alleged in paragraph 5 of the Complaint on the legal theories identified

therein but denies that Plaintiff is entitled to any relief sought on his own behalf or on behalf of putative class members and expressly denies all allegations of wrongdoing or liability contained within paragraph 5. To the extent the allegations of paragraph 5 of the Complaint constitute conclusions of law, no response is required from Defendant and Defendant respectfully refers all questions of law to the Court for determination. Defendant denies all remaining allegations and characterizations in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.     Paragraph 6 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination.

7.     Paragraph 7 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination.

8.     Defendant admits that it conducts business in New York, New York. To the extent the allegations of paragraph 8 of the Complaint constitute conclusions of law, no response is required from Defendant and Defendant respectfully refers all questions of law to the Court for determination. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 8 and on that basis denies the same. Defendant denies all remaining allegations and characterizations in paragraph 8 of the Complaint.

9.     Defendant admits that it conducts business in New York, New York but expressly denies all allegations of wrongdoing or liability contained within paragraph 9 and denies that Plaintiff is entitled to any relief sought on his own behalf or on behalf of putative class members.

To the extent the allegations of paragraph 9 of the Complaint constitute conclusions of law, no response is required from Defendant and Defendant respectfully refers all questions of law to the Court for determination. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 9 and on that basis denies the same. Defendant denies all remaining allegations and characterizations in paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination.

## THE PARTIES

11.     Paragraph 11 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 11 and on that basis denies the same.

12.     Defendant admits the allegations in paragraph 12 of the Complaint.

13.     Defendant admits that it operates the C. O. Bigelow retail store located at 414 Sixth Avenue, New York, NY 10001 in which it sells, among other things, goods and services to the public. Paragraph 13 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant also admits that it operates a website and states that the website is the best evidence of its contents; Defendant denies any inconsistent representations or characterizations of its website. Defendant respectfully refers all questions of law to the Court for determination. To the extent a further response is required, Defendant denies the allegations

in paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination. To the extent a response is required, Defendant denies all remaining allegations and characterizations in paragraph 14 of the Complaint.

**NATURE OF ACTION**

15.     Defendant admits the allegations in paragraph 15 of the Complaint.

16.     Defendant admits that blind and visually impaired people have the ability to access and use websites on the Internet using various technologies but denies the remaining allegations in paragraph 16 of the Complaint.

17.     Defendant admits that blind and visually impaired people have the ability to access and use websites on the Internet using various technologies, but is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 17 and on that basis denies the same.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 18 and on that basis denies the same.

19.     Defendant admits that the World Wide Web Consortium has published various versions of the Web Content Accessibility Guidelines, including version 2.0 ("WCAG 2.0") but denies the remaining allegations in paragraph 19 of the Complaint.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 20 and on that basis denies the same.

**STATEMENT OF FACTS**

21.     Defendant    admits    that    it    hosts    a    commercial    website    located    at

https://www.bigelowchemists.com, which is publicly available. To the extent paragraph 21 of the Complaint purports to characterize or restate the information contained on Bigelow's website, Defendant states that the website is the best evidence of its contents and Defendant denies any inconsistent representations or characterizations of same. To the extent a further response is required, Defendant denies all remaining allegations and characterizations in paragraph 21 of the Complaint.

22.     Defendant denies the allegations in paragraph 22 of the Complaint.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 23 and on that basis denies the same.

24.     To the extent paragraph 24 of the Complaint purports to characterize or restate the information contained on Bigelow's website, Defendant states that the website is the best evidence of its contents and Defendant denies any inconsistent representations or characterizations of same. Defendant denies all remaining allegations and characterizations in paragraph 24 of the Complaint.

25.     To the extent paragraph 25 of the Complaint purports to characterize or restate the information contained on Bigelow's website, Defendant states that the website is the best evidence of its contents and Defendant denies any inconsistent representations or characterizations of same. Defendant denies all remaining allegations in paragraph 25 of the Complaint.

26.     To the extent paragraph 26 of the Complaint purports to characterize or restate the information contained on Bigelow's website, Defendant states that the website is the best evidence of its contents and Defendant denies any inconsistent representations or characterizations of same. Defendant denies all remaining allegations in paragraph 26 of the

Complaint.

27.     To the extent paragraph 27 of the Complaint purports to characterize or restate the information contained on Bigelow's website, Defendant states that the website is the best evidence of its contents and Defendant denies any inconsistent representations or characterizations of same. Defendant denies all remaining allegations in paragraph 27 of the Complaint.

28.     Defendant denies the allegations in paragraph 28 of the Complaint.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding Plaintiff's activities and on that basis denies the same.  Defendant denies all remaining allegations in paragraph 29 of the Complaint.

30.     To the extent paragraph 30 of the Complaint purports to characterize or restate the information contained on Bigelow's website, Defendant states that the website is the best evidence of its contents, and Defendant denies any inconsistent representations or characterizations of same. Defendant denies all remaining allegations in paragraph 30 of the Complaint.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding Plaintiff's activities and on that basis denies the same. Defendant expressly denies all allegations of wrongdoing or liability and all remaining allegations in paragraph 31 of the Complaint.

32.     Defendant admits that the WCAG 2.0 Guidelines are designed to provide people with visual impairments with equal access to websites on the Internet, but denies the remaining allegations in paragraph 32 of the Complaint.

33.     Defendant denies the allegations in paragraph 33 of the Complaint.

34.     Defendant admits that Plaintiff is seeking injunctive relief as alleged in paragraph 34 of the Complaint. The remaining allegations in paragraph 34 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination.

35.     Defendant admits that Plaintiff is seeking injunctive relief as alleged in paragraph 35 of the Complaint, but denies the remaining allegations in paragraph 35 and expressly denies all allegations of wrongdoing or liability or that Plaintiff is entitled to any relief sought on his own behalf or on behalf of putative class members.

36.     To the extent paragraph 36 of the Complaint purports to characterize or restate the information contained on Bigelow's website, Defendant states that the website is the best evidence of its contents, and Defendant denies any inconsistent representations or characterizations of same. Defendant denies all remaining allegations in paragraph 36 of the Complaint.

37.     Defendant denies the allegations in paragraph 37 of the Complaint.

38.     Defendant denies the allegations in paragraph 38 of the Complaint.

39.     Defendant denies the allegations in paragraph 39 of the Complaint.

## CLASS ACTION ALLEGATIONS

40.     Defendant admits that Plaintiff purports to bring this action on behalf of a nationwide class. Defendant denies the remaining allegations in paragraph 40 of the Complaint.

41.     Defendant admits that Plaintiff purports to bring this action on behalf of a New York subclass. Defendant denies the remaining allegation of paragraph 41 of the Complaint.

42.     Defendant denies the allegations in paragraph 42 of the Complaint.

43.     Defendant denies the allegations in paragraph 43 of the Complaint.

44.    Defendant denies the allegations in paragraph 44 of the Complaint.

45.    Defendant denies the allegations in paragraph 45 of the Complaint.

46.    Defendant denies the allegations in paragraph 46 of the Complaint.

**FIRST CAUSE OF ACTION**

**Violations of the ADA, 42 U.S.C. § 12181 *et seq.***

47.    Defendant restates and incorporates its responses to paragraphs 1 through 47 as if fully set forth herein.

48.    Paragraph 48 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination.

49.    Paragraph 49 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination. To the extent a further response is required, Defendant denies all remaining allegations and characterizations in paragraph 49 of the Complaint.

50.    Paragraph 50 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination.

51.    Paragraph 51 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination.

52.    Paragraph 52 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination.

53.     Paragraph 53 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination. To the extent a further response is required, Defendant denies all remaining allegations and characterizations in paragraph 53 of the Complaint.

54.     Defendant admits that Plaintiff seeks relief as alleged in paragraph 54 of the Complaint, but denies that Plaintiff is entitled to any relief sought on his own behalf or on behalf of putative class members.

## SECOND CAUSE OF ACTION

### Violations of the NYSHRL

55.     Defendant restates and incorporates its responses to paragraphs 1 through 55 as if fully set forth herein.

56.     Paragraph 56 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination.

57.     Paragraph 57 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination. To the extent a further response is required, Defendant admits that it has a retail store located in New York and denies all remaining allegations and characterizations in paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination. To the extent a further response is required, Defendant admits that it owns and operates a retail store located in New York and denies all remaining allegations and

characterizations in paragraph 58 of the Complaint.

59.     Defendant denies the allegations in paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination.

61.     Paragraph 61 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination.

62.     Defendant admits that the World Wide Web Consortium has published on the Internet various versions of the Web Content Accessibility Guidelines, including version 2.0 ("WCAG 2.0"), but denies that the law requires compliance with them. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 62 and on that basis denies the same.

63.     Paragraph 63 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination. To the extent a further response is required, Defendant denies all remaining allegations and characterizations in paragraph 63 of the Complaint.

64.     Defendant denies the allegations in paragraph 64 of the Complaint.

65.     Defendant denies the allegations in paragraph 65 of the Complaint.

66.     Defendant denies the allegations in paragraph 66 of the Complaint and expressly denies that Plaintiff is entitled to any relief sought on his own behalf or on behalf of putative class members.

67.     Defendant denies the allegations in paragraph 67 of the Complaint and expressly

denies that Plaintiff is entitled to any relief sought on his own behalf or on behalf of putative class members.

68.     Defendant denies the allegations in paragraph 68 of the Complaint and expressly denies that Plaintiff is entitled to any relief sought on his own behalf or on behalf of putative class members.

69.     Defendant admits that Plaintiff seeks relief as alleged in paragraph 69 of the Complaint, but denies that Plaintiff is entitled to any relief sought on his own behalf or on behalf of putative class members.

## THIRD CAUSE OF ACTION

### Violations of the NYCHRL

70.     Defendant restates and incorporates its responses to paragraphs 1 through 70 as if fully set forth herein.

71.     Paragraph 71 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination.

72.     Paragraph 72 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination. To the extent a further response is required, Defendant admits that it has a retail store located in New York and denies all remaining allegations and characterizations in paragraph 72 of the Complaint.

73.     Paragraph 73 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination. To the extent a further response is required, Defendant admits that it owns and

operates a retail store located in New York and denies all remaining allegations and characterizations in paragraph 73 of the Complaint.

74.     Defendant denies the allegations in paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination.

76.     Paragraph 76 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination. To the extent a further response is required, Defendant denies all remaining allegations and characterizations in paragraph 76 of the Complaint.

77.     Defendant denies the allegations in paragraph 77 of the Complaint.

78.     Defendant denies the allegations in paragraph 78 of the Complaint.

79.     Defendant denies the allegations in paragraph 79 of the Complaint and expressly denies that Plaintiff is entitled to any relief sought on his own behalf or on behalf of putative class members.

80.     Defendant denies the allegations in paragraph 80 of the Complaint and expressly denies that Plaintiff is entitled to any relief sought on his own behalf or on behalf of putative class members.

81.     Defendant denies the allegations in paragraph 81 of the Complaint and expressly denies that Plaintiff is entitled to any relief sought on his own behalf or on behalf of putative class members.

82.     Defendant admits that Plaintiff seeks relief as alleged in paragraph 82 of the Complaint, but denies that Plaintiff is entitled to any relief sought on his own behalf or on behalf

of putative class members.

## FOURTH CAUSE OF ACTION

### Declaratory Relief

83.     Defendant restates and incorporates its responses to paragraphs 1 through 83 as if fully set forth herein.

84.     Paragraph 84 of the Complaint contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination. To the extent a further response is required, Defendant admits that Plaintiff has made contentions as alleged in paragraph 84 of the Complaint. To the extent paragraph 84 of the Complaint purports to characterize or state Defendant's contentions, Defendant states that this Answer is the best evidence of its contents, and Defendant denies any inconsistent representations or characterizations of same.

85.     Defendant denies the allegations in Paragraph 85 of the Complaint.

## PRAYER FOR RELIEF

86.     Defendant denies that Plaintiff is entitled to any of the relief prayed for in the Prayer for Relief on his own behalf or on behalf of putative class members.

87.     Defendant denies each and every allegation and averment in the Class Action Complaint that is not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

88.     Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

89.     Plaintiff fails to satisfy all or part of the requirements set forth in Federal Rule of

Civil Procedure 23(a)(1)-(4).

### Third Affirmative Defense

90.    Plaintiff fails to satisfy all of part of the requirements set forth in Federal Rule of Civil Procedure 23(b)(1)-(3).

### Fourth Affirmative Defense

91.    Plaintiff has not pleaded a set of facts sufficient to sustain its burden of proving that it is representative of any alleged class.

### Fifth Affirmative Defense

92.    To the extent Plaintiff fails to demonstrate that every putative class member sustained cognizable damages as a result of Defendant's actions and/or the services at issue failed to perform with respect to every putative class member, any finding of liability on a class-wide basis would violate Defendant's rights under the due process clause of the United States Constitution and any applicable state constitution.

### Sixth Affirmative Defense

93.    Plaintiff's claims and some or all of the claims of the purported class, in whole or in part, are barred by the applicable statute of limitations

### Seventh Affirmative Defense

94.    Plaintiff's claims and some or all of the claims of the purported class are barred by the doctrine of laches, waiver, estoppel, and/or unclean hands.

### Eighth Affirmative Defense

95.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention and/or primary jurisdiction.

### Ninth Affirmative Defense

96.     Any alleged injury or damage claimed by Plaintiff and/or the purported class was the direct and proximate result of acts or omissions by persons or entities other than Defendant.

### Tenth Affirmative Defense

97.     Any alleged injury or damage claimed by Plaintiff and some or all of the purported class was caused in whole or in part by intervening and/or superseding acts, events, or omissions of persons or entities other than Defendant.

### Eleventh Affirmative Defense

98.     Plaintiff and some or all of the purported class have failed to mitigate their damages.

### Twelfth Affirmative Defense

99.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's spoliation of evidence.

### Thirteenth Affirmative Defense

100.     Plaintiff lacks standing to assert the claims for relief alleged in the Class Action Complaint on his own behalf or on behalf of the proposed Class members.

### Fourteenth Affirmative Defense

101.     Plaintiff's claims are barred, in whole or in part, because the damages sought by Plaintiff and the putative class members are speculative, remote, and/or impossible to ascertain.

### Fifteenth Affirmative Defense

102.     Pursuant to Federal Rule of Civil Procedure, Rule 11, the causes of action stated by Plaintiff are frivolous, and Defendant will, upon completion of the matter, seek sanctions as allowed by law.

## Reservation of Rights

103.     Defendant reserves the right to add any additional affirmative or separate defenses that may become available as discovery proceeds.

104.     WHEREFORE, Defendant C.O. Bigelow Chemists, Inc., having fully answered Plaintiff's Class Action Complaint, requests that:

A.     The claims against Defendant be dismissed with prejudice;

B.     Judgment be entered in Defendant's favor;

C.     Defendant be awarded its attorneys' fees, costs, and expenses; and

D.     Defendant be awarded other such relief to which it is entitled under Federal Rule of Civil Procedure 54(D).

## JURY TRIAL DEMANDED

Defendant C.O. Bigelow Chemists, Inc. requests trial by jury on all issues so triable.


Dated:      February 1, 2021


Respectfully submitted,



/s/ *Ronie M. Schmelz*
Ronie M. Schmelz
Tucker Ellis LLP
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Tel:     213.430.3400
Fax:     213.430.3409
E-mail:     ronie.schmelz@tuckerellis.com

*Attorneys for Defendant C.O. Bigelow Chemists, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 1, 2021, Defendant C.O. Bigelow Chemists, Inc.'s Answer to Plaintiff's Class Action Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Ronie M. Schmelz*
*One of the Attorneys for Defendant C.O.*
*Bigelow Chemists, Inc.*

1570269.1